Velcher v 3100 Brighton 2nd St., LLC (2021 NY Slip Op 50181(U))



[*1]


Velcher v 3100 Brighton 2nd St., LLC


2021 NY Slip Op 50181(U) [70 Misc 3d 144(A)]


Decided on March 5, 2021


Appellate Term, Second Department


Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.


This opinion is uncorrected and will not be
published in the printed Official Reports.



Decided on March 5, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ



2020-19 K C

Ilia Velcher, Appellant,
against3100 Brighton 2nd St., LLC, Respondent.





Ilia Velcher, appellant pro se.
3100 Brighton 2nd St., LLC, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Jill R.
Epstein, J.), entered August 21, 2019. The judgment, after a nonjury trial, dismissed the
action.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover a security deposit in the amount of
$1,850. At a nonjury trial, plaintiff testified that he had initially paid $1,675 for the security
deposit, and that when he renewed his lease, he paid an unspecified additional amount for both
the security deposit and monthly rent. Although the court asked plaintiff to submit documentary
proof of the fact and the amount of the security deposit allegedly tendered, plaintiff offered no
documents into evidence. Following the trial, the Civil Court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125, 126 [2000]). Furthermore, the determination of a trier
of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to
observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective
from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564
[1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with
greater force to judgments rendered in the Small Claims Part of the court (see Williams v
Roper, 269 AD2d at 126).
Upon a review of the record, we find that the judgment rendered substantial justice between
the parties according to the rules and principles of substantive law (see CCA 1804, [*2]1807).
Accordingly, the judgment is affirmed.
WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 5, 2021









